## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**HUNT FAMILY PARTNERSHIP,**

        Plaintiff,

v.

**TRI-STATE INSURANCE COMPANY
OF MINNESOTA**,

        Defendant.

Civil Action No.: 18-CV-01268-NYW

---

### AMENDED COMPLAINT AND JURY DEMAND

---

**COMES NOW** Plaintiff, HUNT FAMILY PARTNERSHIP, by and through its undersigned counsel, and hereby submit this its Complaint against Defendant, TRI-STATE INSURANCE COMPANY OF MINNESOTA, and in support of its Complaint, alleges and avers as follows:

### PARTIES

1.    Hunt Family Partnership ("Plaintiff") is a Colorado limited liability limited partnership with its principal place of business at 5285 Fox Street, Denver, Colorado 80216.

2.    Plaintiff, Hunt Family Partnership has three members, Bernadette O'Donnell, a natural person residing in Arvada Colorado, Cathy O'Donnell, a natural person residing in Thornton, Colorado, and Anna Maria Hunt, a natural person residing in Wheatridge, Colorado.

3.    Defendant, Tri-State Insurance Company of Minnesota ("Defendant" or "Tri-State Insurance Company"), is a foreign insurance company incorporated and domiciled in the state of Iowa and maintains its principal place of business in a state other than in Colorado.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5.     Plaintiff is the owner of property that is located at 5285 Fox Street, Denver, Colorado 80216 (the "Property").

6.     The roofing system of the Property is clad with an R-panel metal covering.

7.     The metal roof covering was installed in May 2017.

8.     Amen Packaging, Inc. ("Amen Packaging") purchased a Businessowners Policy of insurance from Tri-State Insurance Company under Policy Number ADV 3139503 (the "Policy").

9.     The Policy is an all risk policy of insurance.

10.     The Policy is a replacement cost value policy and covers loss to the Property.

11.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

12.     The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

13.     The Policy does not include a cosmetic exclusion.

14.     Under the Policy, Tri-State Insurance Company is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

15.     Under the Policy, Tri-State Insurance Company agreed to adjust all losses fairly and timely.

16.     Under the Policy, Tri-State Insurance Company agreed to adjust all losses with Amen Packaging fairly and timely.

17.     Amen Packaging paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

18.     Amen Packaging duly executed an Assignment of Insurance Claim with Plaintiff. A true and accurate copy of the Assignment is attached hereto as **Exhibit "A."**

19.     On or about May 8, 2017, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

20.     The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

21.     The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Tri-State Insurance Company.

22.     Tri-State Insurance Company assigned Claim Number 40121121 to the Property loss.

23.     Tri-State Insurance Company assigned its adjuster, Lori Clark, to investigate and adjust the claim for direct physical loss and/or damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

24.     Tri-State Insurance Company retained an independent adjuster, Team One Adjusting Services, LLC ("Team One"), to assist in the investigation of the claim for direct physical loss and/or damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

25.     On or about May 14, 2017, Team One performed a site inspection of the Property.

26.     During its site inspection, Team One identified damages to the Property's roofing system, front exterior, right exterior, left exterior, interior reception area, interior entry room, and interior offices. A copy of Team One's Inspection Report is attached hereto as **Exhibit "B."**

27.     Team One provided Tri-State Insurance Company with an estimate for damages which outlined $247,980.52 in replacement cost value covered damages. A copy of Team One's Estimate is attached hereto as **Exhibit "C."**

28.     Team One's Estimate provides for numerous repairs to the Property necessitating multiple trades, including repairs to the metal roofing system covering the Property, siding, painting, windows, gutters, downspouts, exhaust fan, light fixtures, and carpentry.

29.     Despite the complexity of the repairs outlined within its damage estimate, Team One's damage estimate improperly excluded contractor general overhead and profit from its damage estimate.

30.     While the metal roofing system covering the Property was less than thirty days old, Team One improperly applied over sixty-four percent (64%) in depreciation.

31.     In adopting Team One's Estimate, Tri-State Insurance Company improperly depreciated the roofing system, failed to provide general contractor overhead and profit, and failed to provide for covered damages to the Property.

32.     On or about June 1, 2017, Tri-State Insurance Company issued payment in the amount of $64,813.10.

33.     As a result of Tri-State Insurance Company's poor investigation, Adjusters International, a Colorado state licensed public adjusting firm, was retained to assist in the

adjustment of the claim for direct physical loss and damage to the Property resulting from a hail and/or wind storm occurring on or about May 8, 2017.

34.     On or about August 14, 2017, Adjusters International, provided Tri-State Insurance Company with a copy of documentation demonstrating the age of the roofing systems covering the Property.

35.     On or about August 14, 2017, Adjusters International, requested Tri-State Insurance Company amend its current actual cash value calculation to account for the proper age of the roof covering the Property.

36.     On or about August 22, 2017, Adjusters International, provided Tri-State Insurance Company with a comprehensive damage estimate, exclusive of code issues still under investigation, which outlined $769,120.18 in replacement cost value covered damages resulting from a hail storm occurring on May 8, 2017. A copy of Adjuster International's Damage Estimate is attached hereto as **Exhibit "D."**

37.     On or about August 22, 2017, Adjusters International, provided Tri-State Insurance Company with the documentation demonstrating the ages of the affected portions of the Property.

38.     On or about September 7, 2017, Adjusters International, requested Tri-State Insurance Company provide an updated status on revised loss calculation.

39.     On or about September 18, 2017, Adjusters International, for a second time, requested Tri-State Insurance Company provide an updated status on revised loss calculation

40.     On or about September 25, 2017, Adjusters International, for a third time, requested Tri-State Insurance Company provide an updated status on revised loss calculation

41.     On or about September 26, 2017, Tri-State Insurance Company provided its second damage estimate which outlined $582,857.55 in replacement cost value covered damages. A copy of Tri-State Insurance Company's Second Damage Estimate is attached hereto as **Exhibit "E."**

42.     Tri-State Insurance Company's failure to include the damages outlined in **Exhibit E** within its First Damage Estimate, resulted in the delay of payment of $334,877.03 in covered benefits without a reasonable basis.

43.     While the metal roofing system covering the Property was less than fourth months old at the time of Tri-State Insurance Company's Second Damage Estimate, Tri-State Insurance Company improperly applied over thirty-nine percent (39%) in depreciation to the metal roofing system covering the Property.

44.     On or about September 26, 2017, Adjusters International, requested Tri-State Insurance Company amend its Second Damage Estimate to provide for reasonable depreciation of the affected portions of the Property.

45.     On or about September 26, 2017, Adjusters International, requested Tri-State Insurance Company provide its market valuation of the Property to justify its unreasonable application of depreciation of the affected portions of the Property.

46.     On or about September 26, 2017, Tri-State Insurance Company representative, Douglas Wilmert, advised its unreasonable application of depreciation of the affected portions of the Property was based upon the cosmetic nature of the hail damage to the Property.

47.     On or about October 2, 2017, Adjusters International, requested Tri-State Insurance Company provide a summary outlining the method applied to calculate the unreasonable depreciation applied to the affected portions of the Property.

48.     On or about October 9, 2017, Adjusters International, for a second time, requested Tri-State Insurance Company provide a summary outlining the method applied to calculate the unreasonable depreciation applied to the affected portions of the Property.

49.     On or about October 10, 2017, Adjusters International, requested Tri-State Insurance Company demonstrate its broad evidence calculation of depreciation applied to the affected portions of the Property.

50.     On or about October 30, 2017, Adjusters International, provided Tri-State Insurance Company with a comprehensive analysis of its unreasonable application of depreciation of the affected portions of the Property. A copy of Adjuster International's Correspondence is attached hereto as **Exhibit "F."**

51.     On or about October 30, 2017, Adjusters International, requested Tri-State Insurance Company amend its depreciation scheduled of the affected portions of the Property outlined within its Second Damage Estimate.

52.     On or about November 28, 2017, Adjusters International, provided Tri-State Insurance Company with an executed Proof of Loss in the amount of $768,956.69.

53.     On or about December 7, 2017, Tri-State Insurance Company rejected its insured's Proof of Loss.

54.     On or about December 13, 2017, Adjusters International, provided Tri-State Insurance Company with a comprehensive analysis of the deficiencies contained with Tri-State Insurance Company's Second Damage Estimate. A copy of Adjuster International's Correspondence is attached hereto as **Exhibit "G."**

55.     On or about January 9, 2018, Tri-State Insurance Company provided its third damage estimate which outlined $590,250.65 in replacement cost value covered damages. A copy of Tri-State Insurance Company's Third Damage Estimate is attached hereto as **Exhibit "H."**

56.     Tri-State Insurance Company' failure to include the damages outlined in **Exhibit H** within its First and Second Damage Estimates, resulted in the delay of payment of $7,393.10 in covered benefits without a reasonable basis.

57.     While the metal roofing system covering the Property was less than ten months old at the time of Tri-State Insurance Company's Third Damage, Tri-State Insurance Company improperly applied over thirty-nine percent (39%) in depreciation to the metal roofing system covering the Property.

58.     On or about January 9, 2018, Adjusters International, provided Tri-State Insurance Company with a comprehensive analysis of the deficiencies contained with Tri-State Insurance Company's Third Damage Estimate. A copy of Adjuster International's Correspondence is attached hereto as **Exhibit "I."**

59.     On or about January 9, 2018, Adjusters International, for a third time, requested Tri-State Insurance Company provide a summary outlining the method applied to calculate the unreasonable depreciation applied to the affected portions of the Property.

60.     On or about January 10, 2018, Tri-State Insurance Company representative, Douglas Wilmert, advised that its unreasonable depreciation of the affected portions of the Property would become moot upon replacement of the affected portions of the Property.

61.     On or about February 28, 2018, Tri-State Insurance Company provided its fourth damage estimate which outlined $613,327.68 in replacement cost value covered damages. A copy of Tri-State Insurance Company's Fourth Damage Estimate is attached hereto as **Exhibit "J."**

62.     Tri-State Insurance Company's failure to include the damages outlined in **Exhibit J** within its First, Second, or Third Damage Estimates, resulted in the delay of payment of $23,077.03 in covered benefits without a reasonable basis.

63.     While the metal roofing system covering the Property was less than twelve months old at the time of Tri-State Insurance Company's Fourth Damage, Tri-State Insurance Company improperly applied over thirty-nine percent (39%) in depreciation to the metal roofing system covering the Property.

64.     Despite objective evidence of covered damages throughout the Property, Tri-State Insurance Company continues to deny Plaintiff's claim for loss to the Property resulting from a hail and/or wind storm that occurred on or about May 8, 2017.

65.     Plaintiff has fulfilled all duties required of it under the Policy after discovery of the loss.

66.     Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Tri-State Insurance Company.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

67.     Plaintiff realleges and reaffirms Paragraphs 1-65 as if fully set forth herein.

68.     Tri-State Insurance Company issued an all risk policy requiring Tri-State Insurance Company to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

69.     The Policy is a binding contract.

70.     Tri-State Insurance Company received premiums pursuant to the Policy.

71.     Plaintiff otherwise performed all conditions precedent to recovery of benefits under the Policy with Tri-State Insurance Company.

72.     Tri-State Insurance Company has denied certain covered damages and continues to delay and deny certain claimed damages.

73.     Tri-State Insurance Company's failure to honor its obligations under the Policy is a breach of contract.

74.     Tri-State Insurance Company's breach of contract has damaged, and continues to damage Plaintiff.

75.     Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Hunt Family Partnership, respectfully requests this Court enter judgment against, Defendant, Tri-State Insurance Company of Minnesota, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

76.     Plaintiff realleges and reaffirms Paragraphs 1-76 as if fully set forth herein.

77.     Under the Policy and Colorado law, Tri-State Insurance Company had a duty to act reasonably and in good faith in the handling of Plaintiff's claim.

78.     Under the Policy and Colorado law, Tri-State Insurance Company had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

79.     Under the Policy and Colorado law, Tri-State Insurance Company owes Plaintiff the duty of good faith and fair dealing.

80.     Tri-State Insurance Company had the non-delegable duty to investigate the claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

81.     Tri-State Insurance Company owed Plaintiff the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

82.     Tri-State Insurance Company had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

83.     Tri-State Insurance Company sold Amen Packaging the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

84.     Tri-State Insurance Company knew that the Policy was purchased to protect the Property in the event of a loss.

85.     Plaintiff has cooperated with Tri-State Insurance Company in the processing of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

86.     Plaintiff has cooperated with Tri-State Insurance Company in the investigation of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

87.     Plaintiff has not erected any obstacles to Tri-State Insurance Company's ability to investigate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

88.     Plaintiff has not erected any obstacles to Tri-State Insurance Company's ability to evaluate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

89.     Tri-State Insurance Company disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

90.     Tri-State Insurance Company failed to treat Plaintiff's interests with equal regard to its own.

91.     Tri-State Insurance Company mischaracterized the evidence to the benefit of itself.

92.     Tri-State Insurance Company failed to be open and honest in its dealings with Plaintiff.

93.     Tri-State Insurance Company failed to conduct a full, fair, and prompt investigation of the claim.

94.     Tri-State Insurance Company underpaid Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

95.     Tri-State Insurance Company underpaid Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which Tri-State Insurance Company believes supports its position.

96.     Tri-State Insurance Company decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

97.     Tri-State Insurance Company knew that its denial to pay the benefits owed would cause Plaintiff financial hardship.

98.     Tri-State Insurance Company failed to assist Plaintiff with the presentation of its claim.

99.     Tri-State Insurance Company breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

100.    Tri-State Insurance Company breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Plaintiff's loss.

101.    Tri-State Insurance Company breached its duty of good faith and fair dealing by underpaying Plaintiff's claim without having documented a reasonable investigation based upon all information

102.    Tri-State Insurance Company failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

103.    Among other circumstances, Tri-State Insurance Company has committed unfair settlement practices including, without limitation:

(a)     Tri-State Insurance Company has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

(b)     Tri-State Insurance Company has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(c)     Tri-State Insurance Company refuses to pay claims without conducting a reasonable investigation based upon all available information;

(d)     Tri-State Insurance Company has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(e)     Tri-State Insurance Company has compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

(f)     Tri-State Insurance Company has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)     Tri-State Insurance Company has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than

all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)    Tri-State Insurance Company encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

104.    Tri-State Insurance Company's claims representatives, including Lori Clark and Douglas Wilmert, received incentive-based compensation to close quickly or reduce claim payments.

105.    Tri-State Insurance Company's representatives, including Lori Clark and Douglas Wilmert, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

106.    Tri-State Insurance Company improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Lori Clark and Douglas Wilmert, to determine claims handling.

107.    Tri-State Insurance Company improperly set various claims handling goals to reduce the amount paid on claims.

108.    Tri-State Insurance Company improperly denied Plaintiff's claim to reduce overall claims payments.

109.    Tri-State Insurance Company improperly denied Plaintiff's claim to increase profits.

110.    Tri-State Insurance Company improperly denied Plaintiff's claim to maintain its loss ratio.

111.    Tri-State Insurance Company improperly denied Plaintiff's claim to meet department goals.

112.   Tri-State Insurance Company's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

113.   Tri-State Insurance Company improperly denied Plaintiff's claim by motivating its claims department to pay less on claims that are otherwise owed.

114.   Tri-State Insurance Company improperly denied Plaintiff's claim to reduce the average amount paid on overall claims.

115.   Tri-State Insurance Company has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

116.   Tri-State Insurance Company's conduct constitutes a bad faith breach of the insurance contract.

117.   Tri-State Insurance Company has committed such actions with such frequency as to indicate a general business practice.

118.   As a direct and proximate result of Tri-State Insurance Company's actions, Plaintiff has:

    (a)    incurred increased costs to repair, restore and/or replace the significant property damage;
    (b)    suffered damages as a proximate result of the misconduct alleged; and
    (c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Hunt Family Partnership, respectfully requests this Court enter judgment against Defendant, Tri-State Insurance Company of Minnesota, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

119.   Plaintiff re-alleges and reaffirms Paragraphs 1-117 as though fully set forth herein.

120.     Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

121.     Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

122.     Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

123.     Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to Tri-State Insurance Company.

124.     The claimed loss and damage submitted by Plaintiff was covered by the Policy and Plaintiff was owed covered benefits under the Policy.

125.     Tri-State Insurance Company delayed payment of covered benefits without a reasonable basis for its actions.

126.     Tri-State Insurance Company denied payment of covered benefits without a reasonable basis for its actions.

127.     Tri-State Insurance Company has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Plaintiff's Complaint.

128.     Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

129.     Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate without having documented a reasonable investigation based upon all information.

130.    Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing multiple damage estimates which did not include all covered damages.

131.    Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by providing multiple damage estimates which improperly depreciated covered damages.

132.    Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for its action by forcing Plaintiff to retain its own professionals to help properly adjust the covered loss.

133.    Despite receipt of Plaintiff's comprehensive estimate, Tri-State Insurance Company delayed and denied payment of covered benefits without a reasonable basis for doing so.

134.    Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim to reduce overall claims payments.

135.    Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim to increase profits.

136.    Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

137.    Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim to meet department goals.

138.    Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Douglas Wilmert, to determine claims handling.

139.     Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what is otherwise owed.

140.     Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

141.     Tri-State Insurance Company unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

142.     The actions of Tri-State Insurance Company were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the Policy.

143.     Based upon the foregoing Paragraphs is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Hunt Family Partnership, respectfully requests this Court enter judgment against Defendant, Tri-State Insurance Company of Minnesota, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

<u>**REQUEST FOR JURY TRIAL**</u>

144.     Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 18th day of July, 2018

/s/ Timothy G. Burchard
Larry E. Bache, Jr., Esq.
Colorado Bar No.: 51958
Jonathan E. Bukowski, Esq.
Colorado Bar No.: 45614
Timothy G. Burchard, II
Colorado Bar No.: 48635
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone: 720-665-9680

Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
E-Mail: tburchard@merlinlawgroup.com